IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10705
Summary Calendar
_____


ALVIN RAY COOPER,

Plaintiff-Appellant,

versus

RICK HUDSON, Warden;
GREGORY T. FRANKLIN, Captain,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-103
- - - - - - - - - -
February 19, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Alvin Ray Cooper, Texas prisoner # 534218, appeals the district court's dismissal of his civil rights claims as frivolous and for failure to state a claim. Cooper argues that 1) the district court erred in dismissing his claims prior to the expiration of the period for filing objections to the magistrate judge's report; 2) the district court erred in dismissing his claims of due process violations and of retaliation; and 3) the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge erred in consolidating, for purposes of conducting a <u>Spears</u>[**] hearing, the instant case with another civil rights action in which Cooper is the plaintiff.

As Cooper suggests, the district court dismissed his civil rights claims only six days after Cooper received the magistrate judge's report and recommendation.  As a general rule a district court errs if it does not consider timely-filed objections to a magistrate judge's report and recommendation.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Smith v. Collins</u>, 964 F.2d 483, 485 (5th Cir. 1992).  However, Cooper has not demonstrated that he ever filed his objections in the district court.  Even assuming Cooper submitted his objections to the district court, any error by the district court in not considering those objections is harmless. <u>See</u> <u>Smith</u>, 964 F.2d at 485.

Normally a party's failure to file timely objections limits appellate review to plain error.  <u>See</u> <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996); <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995).  The <u>Douglass</u> rule, however, generally is not applied if the district court engages in <u>de</u> <u>novo</u> review of the points considered by the magistrate judge.  <u>Douglass</u>, 79 F.3d at 1429.  In light of the district court's entry of judgment only six days after Cooper received the report and recommendation and the district court's

---

[**]    <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

independent review of the magistrate judge's report, review by this court is not limited to plain error.

Because Cooper's due process claims call into question the lawfulness of his punishment following the disciplinary hearings and he has not demonstrated that he has obtained relief as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the claims are not cognizable in a § 1983 proceeding. See Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir. 1997).

Neither the magistrate judge nor the district court expressly addressed Cooper's claim that the disciplinary charges were brought against him in retaliation for his exercise of his right of access to courts. "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Cooper argues that he was charged with the disciplinary infractions in retaliation for seeking redress for wrongdoings and for being a "writ writer." He contends that officials informed him that the disciplinary charges were retaliatory and that officials informed him that he was being retaliated against because he was a writ writer. Cooper's activities as a writ writer are not constitutionally protected and do not support a retaliation claim. See Johnson v. Rodriquez, 110 F.3d 299, 310-

3

11 (5th Cir.), <u>cert. denied</u>, 118 S. Ct. 559 (1997); <u>Tighe v. Wall</u>, 100 F.3d 41, 43 (5th Cir. 1996).

Because Cooper has not adequately briefed the issues of the district court's dismissal of his claims that he was subjected to cruel and unusual punishment and that inadequate evidence supported the disciplinary actions, these claims have been abandoned.  <u>See</u> <u>Evans v. City of Marlin, Tex.</u>, 986 F.2d 104, 106 n.1 (5th Cir. 1993).  Cooper's conclusional allegations do not demonstrate that he was harmed by the magistrate judge's "consolidation" of this case with another civil rights action for purposes of a <u>Spears</u> hearing.

AFFIRMED.